## NORTHWEST TABLET COMPANY v. UNIVERSAL CARLOAD-ING & DISTRIBUTING COMPANY.[1]

October 13, 1933.

No. 29,561.

*Philip J. Meighen* and *E. L. Tong,* for appellant.
*G. H. Smith* and *V. J. Hermel,* for respondent.

*STONE, Justice.*

After trial without a jury, judgment having been ordered against it for $371.85, defendant appeals from the order denying its motion for amended findings or a new trial.

Plaintiff is a manufacturer at Kalamazoo, Michigan. Defendant is a forwarding agent, whose business "is to collect less than carload shipments from different consignors, combine such shipments into carloads, and ship the same in the name of the forwarding agent." Its profit, if none other is contracted for, is "in the difference between the carload and less than carload rates." Interstate Commerce Comm. v. Delaware L. & W. R. Co. 220 U. S. 235, 243, 244,

[1] Reported in 250 N. W. 456.

31 S. Ct. 392, 55 L. ed. 448. The determining thing on this appeal is the contract between the parties. It was stipulated that exhibit "B," the copy of the uniform railway bill of lading, "may be received in evidence as showing the form of contract under which" the shipments in question were handled by defendant for plaintiff. This controlling document recites that the shipments were received "subject to the classifications and tariffs in effect on the date of the issue of this bill of lading."

Plaintiff's claim on the facts, well substantiated by the evidence, is that the consignments in question, school copy books, were charged for by defendant at the first-class rate of $1.42½ per hundred, when, under the controlling classifications, they should have taken the third-class rate of 92 cents. The difference between these rates, as applied to plaintiff's shipments, is the amount of defendant's liability as fixed by the decision below.

It is correctly argued for defendant that, if it is a carrier, it is a private and not a common carrier. Therefore, it is not by law subject to current freight rates and classifications. It is free to contract for such compensation as it can get. But defendant accepted the property for transportation by rail, and the only contract which the record discloses bound it to accept, as its compensation, the rate then fixed by the applicable tariff. Hence it is liable for the overcharge, the amount of which is not in question on the record.

Order affirmed.